

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

*Limestone Co,*
*Superseded By*
*art. 39d*
*V.C.S.*

Honorable L. L. Geren
County Attorney
Groesbeck, Texas

Dear Sir:

Opinion No. O-2560
Re: Minimum and maximum salaries
for county and district officers
of Limestone County.

Your recent request for an opinion of this Department on the questions as are herein stated has been received.

Your letter reads in part as follows:

". . .County and district officers of Limestone County are now being paid under the provisions included in the 37,501 to 60,000 bracket of Art. 3883 and Art. 3891. Under the provisions of these articles the maximum salaries for county and district officials of Limestone County is $4,250. The Federal Census of 1930 shows Limestone County as having 39,497 inhabitants. The tentative estimate of the population of Limestone County made by the Federal Census Bureau for 1940 is 33,380 inhabitants.

". . .

"In 1935 each county and district officer was being paid as provided by Articles 3883 and 3891. Since the Federal Census of 1930 gave the population of Limestone County at 39,497 inhabitants, the county and district officers were paid under the 37,501 to 60,000 bracket as provided in Articles 3883 and 3891. . . .

"Since Limestone County is embraced within the provision of Article 3912e, Section 13, and since H. B. 161, provided for a repeal of all laws in conflict with this law, I am of the opinion that 3912e, Sec. 13, applies to Limestone County and supersedes the maximum bracket provision in Art. 3883. _

NO COMMUNICATION IS TO BE CONSTRUED AS A DECISION

Honorable L. L. Geren, Page 2

"As to question 2, the minimum salaries for county and district officers as provided in Art. 3912e, Sec. 13, would be the total amount earned as compensation by the official in each county and district office in his official capacity for the fiscal year of 1935. And since the above 20,000 and less than 37,500, and having a valuation in excess of 15,000,000. valuation according to the approved preceding tax roll of such county the maximum amount allowed such officer as salaries may be increased one (1%) per cent for each one million dollars valuation or fractional part thereof, in excess of said fifteen million dollars over and above the maximum amount allowed such officers under laws existing on August 24, 1935, and since the maximum amount allowed to each county and district officer under the laws that existed on August 24, 1935, was $4,250 and since the last preceding approved tax roll of Limestone County gives the property valuation at $16,227,695, I am of the opinion that the maximum salaries of county and district officials of this county is $4,250 plus 2% of that sum which is $85.00 which would make a maximum salary of $4,335 that any county or district officer of Limestone County could receive."

Section 13 of Article 3912e, Vernon's Annotated Civil Statutes, reads in part as follows:

"The Commissioners' Court in counties having a population of twenty thousand (20,000) inhabitants or more, and less than one hundred and ninety thousand (190,000) inhabitants according to the last preceding Federal Census, is hereby authorized and it shall be its duty to fix the salaries of all the following named officers, to-wit: sheriff, assessor and collector of taxes, county judge, county attorney, including criminal district attorneys and county attorneys who perform the duties of district attorneys, district clerk, county clerk, treasurer, hide and animal inspector. Each of said officers shall be paid in money an annual salary in twelve (12) equal installments of not less than the total sum earned as compensation by him in his official capacity for the fiscal year 1935, and not more than the maximum amount allowed such officer under laws existing on August 24, 1935; provided that in counties having a population of twenty thousand (20,000) and less than thirty-seven thousand five hundred (37,500) according to the last preceding Federal Census, and

Honorable L. L. Ceren, Page 3

"having an assessed valuation in excess of Fifteen
Million ($15,000,000.00) Dollars, according to the last
approved preceding tax roll of such county the maximum
amount allowed such officers as salaries may be increased
one (1%) per cent for each One Million ($1,000,000.00)
Dollars valuation or fractional part thereof, in excess
of said Fifteen Million (\$15,000,000.00) Dollars valua-
tion over and above the maximum amount allowed such
officers under laws existing on August 24, 1935; and
provided that in counties having a population of thirty-
seven thousand five hundred (37,500) and less than sixty
thousand (60,000) according to the last preceding Federal
Census, and having an assessed valuation in excess of
Twenty Million ($20,000,000.00) Dollars, according to
the last preceding approved tax roll of such county,
the maximum amount allowed such officers as salaries,
may be increased one (1%) per cent for each One Million
($1,000,000.00) Dollars valuation or fractional part
thereof, in excess of said twenty Million ($20,000,000.00)
Dollars valuation over and above the maximum amount allowed
such officer under laws existing on August 24, 1935."

Under the 1930 Federal Census, Limestone County came
under the provisions included in the 37,501 to the 60,000 popu-
lation bracket of Article 3883 and Article 3891. Under the
provisions of these articles the maximum salaries for county
and district officials of Limestone County were $4,250.00.
It will be noted that Section 13 of Article 3912e, supra,
specifically provides that the Commissioners' Court in coun-
ties having a population of 20,000 inhabitants or more and
less than 190,000 inhabitants, according to the last preceding
Federal Census is authorized and it shall be its duty to fix
the salaries of all the officers named therein at a sum not
less than the total sum earned in compensation by such officer
in his official capacity for the fiscal year 1935, and not
more than the maximum amount allowed such officer under laws
existing on August 24, 1935. In 1935 the compensation or
salaries of the officers named in Section 13 of Article 3912e,
supra, was fixed and based upon laws existing on August 24,
1935, with reference to the maximum amount allowed such officers
and said article provided that the minimum should not be less
than the total sum earned as compensation by such officers in
their official capacities for the fiscal year 1935. According

Honorable L. L. Geren, Page 4

to the 1930 Federal Census, Limestone County came within
the population brackets applying to counties having a
population of 37,501 to 60,000 inhabitants. We are of
the opinion that the salaries for the officers named in
Section 13, Article 3912e, supra, in counties having a
population of 20,000 inhabitants or more, and less than
190,000 inhabitants, according to the last Federal Census,
should be fixed for the year 1941, as provided by law
existing August 24, 1935, regardless of the population
of such counties as shown by the 1940 Federal Census.
However, in counties having a population of 20,000 and
less than 37,500 inhabitants according to the last preced-
ing Federal Census, and having an assessed valuation in
excess of $15,000,000., according to the last approved
preceding tax roll of such county, the maximum amount
allowed such officers as salaries may be increased one
per cent for each $1,000,000. valuation or fractional
part thereof, in excess of said $15,000,000. valuation
over and above the maximum amount allowed such officers
under laws existing on August 24, 1935, and if the 1940
Federal Census is officially announced and becomes effec-
tive before Jan. 1, 1941, Limestone County will come within
the above mentioned population bracket. Therefore, it is
optional with the Commissioners' Court of said County to
allow the one per cent as above mentioned over and above
the maximum amount allowed by laws existing August 24, 1935.
We note that in your inquiry you refer to county and district
officials, we presume that you have reference to the officials
named in Section 13, supra, and this opinion is to be construed
as applying only to those officials named in said section.

Therefore, you are respectfully advised that it is
the opinion of this Department that the Commissioners' Court
of Limestone County shall fix the salaries of the officials
named in Section 13, Article 3912e, supra, of said county
for the year 1941, the minimum salary of each officer could
not be less than the total sum earned as compensation by him
in his official capacity for the fiscal year 1935; in other
words the minimum salary of any officer above named could
not be fixed at any amount less than the total sum earned
by the particular office under consideration for the fiscal
year 1935. The maximum salaries of the above mentioned

72?

officers for the year 1941 could be $4,250.00, plus two per cent of that sum, which is $85.00, which would make a maximum salary of $4,335.00 that any of the above named officers of said county could receive.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

APPROVED AUG 2 1940

FIRST ASSISTANT
ATTORNEY GENERAL

AW:AMM



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN